The order below is hereby signed.

Signed: April 30, 2007.



*S. Martin Teel Jr.*
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PHOENIX ENTERPRISES, LLC, | ) | Case No. 07-00149 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication** |

### MEMORANDUM DECISION RE REJECTING LEASE AND, TO THE EXTENT THEY ARE EXECUTORY CONTRACTS, CASH COLLATERAL AGREEMENTS WITH LANDLORD

The debtor (as a debtor-in-possession exercising the powers of a trustee) has moved to reject a Lease and two Cash Collateral Agreements with Shirley Highway Distribution Center, LLC, formerly known as Shirley Highway Distribution Center Partnership (the "Landlord"), and the Landlord has filed an opposition.

The Landlord does not contest the debtor's right to reject the Lease, but seeks clarification, in whatever rejection order the court enters, of the consequences of such rejection. Any delay in rejection could possibly prejudice the estate by permitting a continued accrual of postpetition rent. The court will grant the motion insofar as it seeks to reject the Lease, and the parties can pursue further relief if they cannot agree on the effects of such rejection.

The Landlord contends that the two Cash Collateral Agreements are not executory contracts, and probably correctly contends that the security interests created by the Cash Collateral Agreements would remain unaffected by an order rejecting the Collateral Agreements if they are executory contracts. The Landlord does not raise any basis for not authorizing rejection if, indeed, the Cash Collateral Agreements are executory contracts. The court will grant rejection of the Cash Collateral Agreements to the extent that they are executory contracts and deny rejection to the extent that they are not.

The debtor's request for turnover of the amounts deposited pursuant to the Cash Collateral Agreements will be dismissed without prejudice for failure to commence an adversary proceeding for turnover. F.R. Bankr. P. 7001. To the extent that it becomes relevant to a turnover dispute, the court will decide in addressing any proceeding for turnover whether the Cash Collateral Agreements are executory contracts, and, if so, to what extent, and the effects of such rejection.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Erik R. Quick, Esq.